[Civ. No. 22623.   Second Dist., Div. One.   Dec. 12, 1957.]

V. O. MATCHETT, Appellant, v. THOMAS L. RYERSON et al., Defendants; HANSEN HEIGHTS LAND COMPANY, INC. (a Corporation) et al., Respondents.

MARTIN WEISEL, Appellant, v. THOMAS L. RYERSON et al., Defendants; HANSEN HEIGHTS LAND COMPANY, INC. (a Corporation) et al., Respondents.

Jacob U. D'Angelo and Benjamin P. Riskin for Appellants.

R. Norman Wenzell for Respondents.

WHITE, P. J.—Plaintiffs Matchett and Weisel appeal from the minute order of December 18, 1956, dismissing their respective actions which had been consolidated for trial. The actions were dismissed under the provisions of the Code of Civil Procedure, section 583, that actions "shall be dismissed . . . unless . . . brought to trial within five years after the plaintiff has filed his action, except . . . where it be shown that the defendant has been absent from the state or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five year period . . .".

The complaints in both actions are to foreclose mechanics' liens on the same lands. All respondents are named as defendants in the complaint wherein it is alleged that the respondent Mildred Biddle and other named defendants are engaged in the real estate business under the "common names and styles of Hidden Hills Land Co. and Hansen Heights Land Co."; that said respondents were at all times (along with the other named and unnamed defendants) the owners of the real property described in the complaint; that the lien recorded named defendant Thomas L. Ryerson as "owners and reputed owners" of said real property; and that the other defendants "have or claim an interest" therein. The prayers are for judgment for the amounts of the materials and labor employed upon the property plus the cost of recording the various liens, for the sale of the property and application of the proceeds to the payment of the judgments. The two actions from which these appeals were taken were consolidated for trial with other actions also seeking to foreclose liens on the same property.

The Matchett complaint was filed August 20, 1951,

5 years, 3 months and 28 days before it was dismissed. The Weisel complaint was filed May 23, 1951, five years, seven months and 25 days before its dismissal. The respondents' defaults were entered in both actions on March 7, 1955. The defaults were set aside on August 25, 1955, and respondents' answers were, in September, 1955, filed pursuant to stipulation. On April 16, 1956, appellants filed their setting memorandum.

The default judgments against the appellants existed from March 7, 1955, the date of their entry, until August 25, 1955, the date upon which they were set aside, or five months and 18 days. The actions could not have been tried during that time, and therefore it cannot be included in the "five years" pendency requiring their dismissal. (*Reeves* v. *Hutson,* 144 Cal.App.2d 445, 453-454 [301 P.2d 264], not cited by either party; Code Civ. Proc., § 583.)

The time during which the Matchett action could have been brought to trial before its dismissal, as a matter of law, was at least one month and 28 days short of five years, and the order dismissing it must, therefore, be reversed.

The Weisel complaint having been filed May 23, 1951, excluding the time during which it was impossible to try it because of the existence of the default judgment, had been pending five years, two months and seven days when it was dismissed.

The order granting the motion for dismissal from which the instant appeals are taken includes findings "that there has been no absence from the state, no concealment and no stipulation in writing as required by section 583 of the Code of Civil Procedure to prevent dismissal," and that "there are no circumstances to warrant a holding that proceeding to trial would have been impossible, impracticable or futile." Those findings not only disregard the impossibility of proceeding to trial during the existence of the default judgment, but also completely ignore the previous findings of the court to the contrary.

■ On July 1, 1954, the court made and filed its order for publication of second alias summons on amended complaint, stating therein "it satisfactorily appearing" from certain affidavits that respondent Mildred Biddle "cannot after due diligence be found within this State" and that personal service cannot be made upon said respondent "for the reasons hereinbefore contained, and by said affidavit made to appear." The affidavits supporting said order for publication show dili-

gence in searching for said respondent from the filing of the action on August 20, 1951, to and including July 1, 1954, or a period of two years, ten months and 20 days and support the finding that said respondent was concealing her whereabouts in order to evade service of summons.

Summons was served by publication upon respondent Biddle and by service upon the Secretary of State upon the corporate respondents. Their defaults were entered March 7, 1955. Those services were never quashed. Nor were the orders permitting them ever set aside. On August 25, 1955, motion of respondents to set aside their defaults was granted "as per stipulation."

Notice of motion to dismiss filed October 15, 1956, stated that the motion would be based upon "the ground that plaintiff has failed for five years after the action was filed to bring the action to trial" and that the motion was based upon the pleadings, papers, records and files in the action. The notice is accompanied by "points and authorities" but no affidavit.

October 22, 1956, affidavit in opposition to said motion was filed by appellant V. O. Matchett and stated that upon the hearing of motion to vacate default "it was stipulated in court that answers might be filed" for respondents. He further avers "that for a period of two or more years, the exact periods of time being unknown to affiant the addresses or whereabouts of many of the defendants" including the respondents "were unknown to plaintiff and could not be discovered with due diligence. Affiant alleges that these defendants concealed themselves within the state to avoid service of process. That the details of such concealment and the efforts to locate said defendants are set out more particularly in affiant's affidavit of August 23, 1955, affidavits of Benjamin P. Riskin of March 31, 1955, and affidavits filed upon motion for leave to serve said corporations by serving the secretary of state and for leave to serve the other defendants by publication, all filed in the above entitled action."

"Counter Affidavit in Support of Motion for Dismissal" of R. Norman Wenzel, attorney for respondents, was filed October 24, 1956. It includes the averment "that defendant Mildred Biddle was my secretary for two or three years; that the attorney for plaintiffs at no time ever called me to obtain her address; . . . that he (affiant) was the attorney who incorporated said corporations; that at no time was he ever contacted to obtain the names and addresses of the officers and directors, and your affiant positively denies that said cor-

porations, or Mildred Biddle, ever concealed themselves to avoid service of summons.''

Keeping in mind the findings to the contrary contained in the orders for service of summons by publication and upon the Secretary of State, and also the fact that one's attorney (or employer) may know his whereabouts when he is concealing himself to avoid service of process, we consider Attorney Wenzel's affidavit insufficient to support the finding included in the order of dismissal from which this appeal was taken.

The setting aside of the default judgment and granting of permission to respondents to answer, under the facts of the instant action, did not open to question the validity of the service, the order as to its method, or the finding that respondents concealed themselves to evade service upon which that order was based. The time of concealment of respondents so found in the orders for constructive service is time during which it was "for all practical purposes" impossible or futile to go to trial. (*Christin* v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153]; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361].)

It is not the purpose of the statute to sanction a penalty on the innocent plaintiff for delay caused by the unfair tactics of the defendant who would benefit by dismissal. (*Christin* v. *Superior Court, supra,* 532.)

The orders are reversed.

Fourt, J., and Drapeau, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.