[Civ. No. 14504. Third Dist. June 23, 1975.]

ROSE MAGUIRE, Cross-complainant and Appellant, v.
ALVIN REXFORD COLLIER et al.,
Cross-defendants and Respondents.

310

**COUNSEL**

Norman & Eames, Anthony L. Eames and James K. Norman for Cross-complainant and Appellant.

Field, DeGoff, Huppert & MacGowan, Sidney F. DeGoff and Peter Huppert for Cross-defendants and Respondents.

**OPINION**

**PARAS, J.**—This *is* an appeal by cross-complainant Rose Maguire (hereinafter Maguire) from an order dismissing her cross-complaint against Alvin Rexford Collier and Anza Realty Co., a corporation,[1] pursuant to subdivision (b) of section 583 of the Code of Civil Procedure.[2]

Maguire's cross-complaint was filed on September 5, 1968. Collier moved to dismiss it on September 12, 1973, and the motion was heard and granted on September 25, 1973. The court thereafter entered its written order of dismissal on October 9, 1973. Thus, there is no denying that more than five years transpired between the filing of the cross-

---

[1]Collier was an officer of the corporation. For convenience we shall refer hereinafter to cross-defendants collectively as "Collier."

[2]Subdivision (b) of section 583 of the Code of Civil Procedure reads as follows: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

complaint and its dismissal. The questions raised by Maguire on appeal have to do with whether the trial court erred in not excluding certain periods of time from the five-year period. She also contends that to the extent that the dismissal was based upon subdivision (a) of section 583 of the Code of Civil Procedure, the trial court erred.

I

■ While subdivision (b) of section 583 of the Code of Civil Procedure is essentially mandatory, there are certain periods of time which either may or must be· excluded in considering a dismissal. For example, subdivision (f) provides that the time during which a defendant is not amenable to the process of the court must be excluded from the computation. Maguire contends that it was error for the trial court not to exclude 410 days which she claims is a period during which Collier concealed himself. She bases this contention upon the fact that pursuant to declarations of herself, of one James K. Norman and of one D. W. Vargas, regarding futile efforts to serve Collier, the superior court on August 12, 1969, issued an order for service of summons by publication. (Code Civ. Proc., § 415.50.) Since that order was never set aside, she claims that it was error for the court to refuse to exclude the 410 days of "concealment" from the 5-year period. We disagree.

While the order for substituted service was never formally set aside, it was for all practical (as well as legal) purposes set aside on March 11, 1971. On that date the court ruled on a motion to set aside a default and default judgment against Collier. It held that there was no legally cognizable evidence of concealment for the purpose of evading service of summons, and that the declarations upon which it had based its order for publication were legally ineffective. (See *Sanford* v. *Smith* (1970) 11 Cal.App.3d 991, 998-1002 [90 Cal.Rptr. 256].) It granted the motion. Since this was a valid judicial determination that there were insufficient facts to show concealment by Collier, we find no error in the court's refusal ·to exclude the 410-day period. The court was not estopped by its publication order to later find that the order was improperly issued.

■ Maguire also contends that the trial court should have excluded the time during which the default and default judgment were entered and in effect, a total of 504 days. There was a 224-day period between October 24, 1969 (when the default was entered) and June 5, 1970 (when judgment on the default was entered) which Maguire argues should have

been excluded, because during this period it was impractical, impossible and futile to proceed to trial (4 Witkin, Cal. Procedure (2d ed. 1971) p. 2766 et seq.); she had no adversary to proceed against, and therefore no inexcusable lack of diligence can be attributed to her during this period. She makes the same argument as to a 280-day period during which the judgment by default was in effect, from June 5, 1970 to March 12, 1971.

It is established law in this state that the period during which an adversary is in default, as well as the period during which a default judgment is in effect, is to be excluded from computation of the mandatory five-year dismissal under subdivision (b) of section 583 of the Code of Civil Procedure. (*Ford* v. *Superior Court* (1973) 34 Cal.App.3d 338, 343 [109 Cal.Rptr. 844]; *Vanyek* v. *Heard* (1971) 18 Cal.App.3d 467, 470-471 [95 Cal.Rptr. 750]; *Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805, 807-808 [81 Cal.Rptr. 535].) Such exclusion is not discretionary with the trial court, as is the case with certain types of delay. (See, e.g., *Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745, 749-750 [111 Cal.Rptr. 920].) Default time must be excluded and there is no discretion.

Collier attempts to distinguish this case on the basis that when the default and default judgment were set aside, the court's ruling determined them to be void; thus they should be treated as though they had never existed. It is true that in *Langan* v. *McCorkle, supra,* 276 Cal.App.2d at page 807, the court by dictum, implied that discretion might allow inclusion of default judgment delay time if the default judgment was declared to be void rather than voidable. Collier also points to dictum in *Matchett* v. *Ryerson* (1957) 156 Cal.App.2d 52, 56 [318 P.2d 792], which mentioned in passing that the "validity of the service" was not opened to question by the setting aside of the default judgment "under the facts." However, in view of the reason for the rule excluding default time (impracticability of taking steps to bring the case to trial), which still exists even with a void judgment, we hold that the basic rule of the *Ford* and *Vanyek* cases applies to this case. The trial court erred.

## II

■ The formal order of dismissal signed by the trial judge is based upon subdivision (b) of section 583 of the Code of Civil Procedure; but it also recites that over two years passed between the date the default was set aside and the date of the pretrial conference, during which time Maguire did not use diligence to bring the case to trial. Thus the order is

obviously based also upon subdivision (a) of section 583 of the Code of Civil Procedure. Can it be sustained thereunder?

The notice of motion and the points and authorities in support thereof address themselves exclusively to subdivision (b) of section 583 of the Code of Civil Procedure. There is no reporter's transcript, and we are thus unable to determine whether the two-year discretionary dismissal was argued to the trial judge (Collier asserts that it was; Maguire asserts that it was not). Maguire's lengthy points and authorities in opposition to the motion are not directed in any way to subdivision (a). We cannot therefore find a waiver of Maguire's fundamental right to notice of both the motion and its basis (*Hernandez* v. *National Dairy Products* (1945) 126 Cal.App.2d 490 [272 P.2d 799]; *Westphal* v. *Westphal* (1943) 61 Cal.App.2d 544 [143 P.2d 405]) and to compliance with rule 203.5 of the California Rules of Court (see *Farrar* v. *McCormick* (1972) 25 Cal. App.3d 701 [102 Cal.Rptr. 190].) The trial court could have acted on its own motion (*Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 807, 808 [69 Cal.Rptr. 305, 442 P.2d 361]—but see *Harris* v. *Board of Education* (1957) 152 Cal.App.2d 677, 683 [313 P.2d 212] as to whether notice of the court's motion is required), and on the record presently before us would have been well within its discretion to do so, but there is nothing to suggest that this is what was done. The dismissal order expressly indicates that it is in response to Collier's motion. Therefore to the extent that the dismissal was based upon subdivision (a), the trial court committed error.

The judgment (order) dismissing the cross-complaint is reversed.[3]

Puglia, P. J., and Regan, J., concurred.

---

[3]This reversal is without prejudice to the making of any procedurally proper motion under subdivision (a) of section 583 of the Code of Civil Procedure.