[Civ. No. 48734. Second Dist., Div. Five. Mar. 1, 1977.]

ANDREW V. IPPOLITO, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
DONALD B. WARD, Real Party in Interest and Respondent.

684

COUNSEL

Martin S. Friedlander for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Earle Gary Goodman for Real Party in Interest and Respondent.

OPINION

STEPHENS, J.—Appellant, Andrew Ippolito, petitions this court to overturn the order of the superior court denying his petition for a writ of mandate to compel the dismissal of an action brought against him in the municipal court. The disposition of this appeal involves the novel question as to whether the period during which a default and a default judgment is in effect against a party tolls the three-year period for service and return of summons under section 581a of the Code of Civil Procedure. At appellant's urging, we answer in the negative.

FACTS

On September 24, 1969, Donald B. Ward (real party in interest; hereinafter respondent), filed an action against appellant in the municipal court. On June 3, 1970, the process server for Ward, unable to locate appellant, filed a false return of service. Subsequently, on July 31, 1970, a default was entered against appellant, and ultimately on April 22, 1971, a default judgment was taken against him.

For several years thereafter, respondent Ward took no action in the case except for the filing of a substitution of attorneys and an affidavit of accrued interest. Finally, on September 15, 1975, Ward had a writ of execution issued by the municipal court, and on that day appellant's wages were garnished. At this time, appellant first learned of the judgment against him.

On October 1, 1975, appellant filed two motions in the municipal court attacking the default judgment—a motion to vacate the default and default judgment, and a motion in the alternative to discharge the judgment of record. In support of these motions he filed a declaration by his ex-wife establishing the false service of process. At the hearing on

these motions, appellant orally moved to quash the service and to dismiss the action against him pursuant to section 581a of the Code of Civil Procedure. The court responded by granting the motion to vacate the default judgment, but denied the motion to discharge the judgment. Instead of granting the motion to dismiss under section 581a, the court determined that the filing of the motion to discharge the judgment constituted a general appearance, which, discounting the time during which appellant was in default, was within three years of the filing of the action. Thus, the court ordered appellant to file an answer to the complaint. Upon denial of his petition for writ of mandate in the superior court, appellant filed this appeal.

## DISCUSSION

Section 581a of the Code of Civil Procedure imposes a duty upon the court to dismiss an action where a summons has not been served and returned within three years of the commencement of an action. (*Highlands Inn, Inc.* v. *Gurries,* 276 Cal.App.2d 694, 699 [81 Cal.Rptr. 273].) In spite of the mandatory language of section 581a[1] the California Supreme Court in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], has held that the court is vested with the discretion to apply the same implied exceptions to the statute as have been applied to section 583 (mandating dismissal of actions not brought to trial within five years).[2] (*Id.,* at pp. 740-741.) ■ Thus, noncompliance with section 581a may be excused where it is established that it is impracticable, impossible, or futile to comply, or where the defendant is estopped by his own conduct. (*McKenzie* v. *City of Thousand Oaks* (1973) 36 Cal.App.3d 426, 430 [111 Cal.Rptr. 584].) As an outgrowth of the "impracticability" exception under section 583 it has become established that the period during which a default and default judgment are in effect

---

[1]Section 581a, subdivision (a), provides as follows: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

[2]Section 583, in pertinent part, provides: "(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

is to be excluded from the computation of the mandatory five-year dismissal period. (*Maguire* v. *Collier* (1975) 49 Cal.App.3d 309, 313 [122 Cal.Rptr. 510].)

Respondent urges us to apply the same rule enunciated in *Maguire, supra,* to section 581a, excluding the time of default from computation of the three-year dismissal period. He argues that the identity of policy considerations between sections 581a and 583, noted in *Wyoming Pacific, supra,* demands the application of the *Maguire* rule in this context. Additionally, he contends that, since it is "impracticable and impossible" to attempt service upon an adversary who is already in default, the dismissal is discretionary with the court. We disagree on both counts.

■ While sections 581a and 583 of the Code of Civil Procedure are designed to subserve the same general purpose—that is, to encourage the expeditious disposition of litigation—there are, nonetheless, some significant distinctions in their underlying policies. Section 581a concerns itself with the detriment accruing to a *defendant* insofar as his ability to institute discovery, preserve evidence and locate witnesses is concerned, when he is not given *timely notice* of the institution of an action. (*People* v. *Kings County Dev. Co.* (1920) 48 Cal.App. 72, 76 [191 P. 1004].) Section 583 focuses upon the detriment to the *judicial system* as well as to a defendant attendant upon the tardy litigation of a claim. We therefore cannot apply with rubberstamp symmetry decisional criteria interpreting section 583 and the implied exceptions thereunder to section 581a. Rather, we must determine from the unique factual context of this case whether the entry of a default and a default judgment against appellant rendered service of process impracticable, impossible, or futile. (See *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d at pp. 740-741.)

■ In *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], our Supreme Court first examined the underpinnings of the impracticability exception to section 583. Likening this implied exception to the contractual defense of impracticability, the court concluded that the exception came into play in cases in which a party is unable, *from causes beyond his control,* to bring his case to trial. (*Id.,* at pp. 532-533.) Considering this criterion in the context of section 581a, we note that the claimed "impracticability" in serving appellant was of respondent's own *creation.* Respondent selected and employed his own agent to effect service of process upon appellant. He is necessarily charged with notice of the acts and declarations of his agent. When his agent returns a summons which has never actually been served upon a

defendant, he cannot, vis-à-vis an innocent adversary, rely upon the return so made, nor can he extend the time for actual service of process during the period in which his adversary is deemed to be in default. Moreover, respondent waited more than four years after securing the void default judgment before taking any action to satisfy the judgment. His failure to use due diligence in this respect was a further contributing factor in rendering actual service upon appellant "impracticable." (Cf. *Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745, 750 [111 Cal.Rptr. 920].)

The exercise of the court's statutory power to dismiss an action for want of diligence in serving the summons must be exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice. (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, 741.) Common sense and fairplay dictate that a plaintiff should not be able to hide behind the default obtained by a false return of service, ultimately force a defendant, long without notice, to litigate a stale claim.

■ Respondent contends, in the alternative, that even though the period of default is included in the computation of the three-year period, appellant made a general appearance, which under the express exceptions to section 581a brought him within the court's jurisdiction. Without belaboring the point, we note that the Supreme Court in *Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369], authoritatively construed the general appearance exception, as amended in 1970, to require a general appearance within three years before a defendant's right to dismissal is foreclosed under section 581a. (*Id.,* at pp. 52-53.) Assuming appellant did make a general appearance in this case, it was made more than three years after the filing of the action and the issuance of summons.

The judgment denying a writ of mandate is reversed.

Kaus, P. J., and Ashby, J., concurred.