Filed 12/17/20  Floyd v. Wilson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAN BRYAN FLOYD, as Trustee, etc., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> ELIZABETH WILSON, <br><br> Defendant and Respondent. | B301997 <br><br> (Los Angeles County Super. Ct. No. PC053448) |

APPEAL from an order and a judgment of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge. Affirmed.

Law Offices of James W. Bates and James W. Bates for Plaintiffs and Appellants.

Lex Law Corp. and Lisa Miller for Defendant and Respondent.

_____

This case involves principles evocative of a law student's first lessons. For example, "[a] summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action." (*MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557.) "[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 (*Dill*).) A trial court may set aside a default judgment that is void due to improper service. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)

It is undisputed that plaintiffs Loretta M. Coha (Coha) and Equity Trust Company (Equity) did not serve defendant Elizabeth Wilson (Wilson) at the correct address in August 2012.[1] In April 2019, the trial court granted Wilson's motion to quash service of summons and simultaneously vacated the default judgment previously entered against Wilson based on that improper service. Shortly thereafter, plaintiffs served Wilson, this time at the proper address. Wilson then moved to dismiss the lawsuit because that service was outside the three-year period for service mandated by Code of Civil Procedure section 583.210, subdivision (a).[2] The trial court granted the motion.

---

[1] Coha is now deceased. Dan Bryan Floyd has substituted in as her successor in interest.

[2] Undesignated statutory citations are to the Code of Civil Procedure.

2

On appeal, plaintiffs argue that (1) even if they served Wilson improperly in 2012, Wilson's purported general appearance at a debtor's examination in January 2019 conferred personal jurisdiction over her; (2) Wilson's motion to quash the 2012 service was untimely; and (3) the trial court erred in entertaining Wilson's motion to quash the 2012 service and motion to dismiss for violation of the three-year rule because Wilson did not first move to vacate the default judgment. Assuming arguendo that Wilson made a general appearance at the debtor examination, it was too late to confer personal jurisdiction over her because the three-year period for service had already expired. Plaintiffs' challenge to the timeliness of Wilson's motion to quash incorrectly presumes that plaintiffs properly served Wilson in August 2012, which service plaintiffs acknowledge on appeal was not proper. Even if Wilson did not properly stylize her motion as a motion to vacate the default judgment, plaintiffs demonstrate no error in the trial court's conclusion that it should vacate the default judgment. We thus affirm the judgment of dismissal.[3] We also affirm the order granting Wilson's motion to quash and vacating the default judgment.

## BACKGROUND

### 1. *Complaint*

On July 31, 2012, plaintiffs sued Sirius Financial, Mary Burak, Victoria Burak, and Elizabeth Wilson alleging causes of

---

[3] The judgment dismisses only defendant Wilson. Although there were other defendants in the lawsuit, the trial court did not vacate the default judgment with respect to them.

3

action for breach of contract, fraud, and money had and received. According to plaintiffs, "Equity serves only as custodian of the assets of the account and has no discretionary authority for the management, use and disposition of such property." Plaintiffs alleged that there was a unity in interest between Sirius, Mary Burak, Victoria Burak, and Wilson.

Plaintiffs further alleged that Mary Burak represented Coha in the sale of a residential property. Mary Burak persuaded Coha to invest in a business formed by Mary and her daughters Victoria Burak and Wilson. In return for Coha's investment, Mary Burak signed a promissory note stating that "in exchange for Equity lending Defendants two hundred seventy four thousand three hundred ninety dollars and twenty seven cents ($274,390.27) Equity will be repaid with interest from May 1, 2009 until paid, at the rate of fifteen percent (15%), per annum, payable in yearly installments of forty one thousand one hundred fifty eight dollars and zero cents ($41,158.00) beginning on May 1, 2010 and continuing until April 30, 2011 at which time the entire unpaid principal balance and accrued interest shall become due and payable in full." (Some capitalization omitted.) Defendants never paid Coha or Equity the amounts due under the loan. Plaintiffs further alleged that defendants knew that their representations were false at the time they promised to repay the money.

Plaintiffs attached to the complaint a promissory note, signed by Mary Burak on behalf of Sirius. The note provides: "Should suit be commenced or an attorney employed to enforce the payment of this note, I agree to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit."

4

Plaintiffs attached a proof of service for the complaint on Wilson as "substituted service" on Wilson's mother (Mary Burak) at an address on Nevada Avenue in Chatsworth. The proof of service indicates that the process server served the complaint on August 10, 2012 and mailed the complaint to the same address the next day. On appeal, it is undisputed that Wilson did not live at the Chatsworth address at the time the process server served her there.

## 2. *Entry of default*

In November 2012, plaintiffs requested the entry of a default judgment. The trial court entered judgment by default in the amount of $448,255.65. The judgment was against all defendants including Wilson.

## 3. *Wilson is served with notice to appear at a debtor's examination and appears at the debtor's examination*

On September 24, 2018, plaintiffs filed an order for Wilson to appear at a debtor's examination. Plaintiffs served the order on Wilson on December 23, 2018 at her personal residence in Van Nuys, not at the Chatsworth location where plaintiffs had served the summons and complaint.

Wilson appeared in propria persona for the debtor's examination on January 11, 2019. No reporter was present. A minute order states: "The matter is called for hearing. [¶] Elizabeth Wilson is duly sworn and examination begins. [¶] The matter is continued for further examination by stipulation of all parties to February 8, 2019 . . . ."

5

## 4. *Motion to quash service of summons*

On March 27, 2019, Wilson, now represented by counsel, filed a motion to quash service of summons. Wilson argued that the default judgment against her was predicated on substituted service on August 11, 2012. Wilson argued that she had not lived at the address where substitute service was made since April 1, 2000. Wilson stated that she was not aware of the lawsuit or the default judgment until she was served with a copy of an order of appearance for a debtor's examination in December 2018. Wilson argued that because service of the summons was improper, the court did not have jurisdiction over her.

Plaintiffs opposed Wilson's motion to quash. Plaintiffs argued that: The trial court should presume the service was proper; Wilson's motion to quash was untimely; and Wilson forfeited any objection to service by appearing at the debtor's examination. Plaintiffs also argued that "[t]his is not a motion to set aside default and default judgment pursuant to Code of Civil Procedure § 473." Plaintiffs did not dispute that in August 2012, Wilson lived in Van Nuys, not Chatsworth where her mother lived.

The hearing on Wilson's motion to quash was not reported. By minute order dated April 26, 2019, the trial court found plaintiffs did not properly serve Wilson. The court explained that the address for substituted service was not Wilson's residence and thus, service was invalid. The trial court further concluded that because Wilson was not served, the court did not have personal jurisdiction over her and the resulting default judgment was void. The court explained: " '[A] judgment or order that is invalid or void on its face for lack of personal jurisdiction may be directly or collaterally attacked at any time.' " The court also

6

concluded that a default judgment entered against a person who was not properly served with the summons is void.

The court also found that Wilson's appearance at the debtor's examination was not a general appearance for purposes of enforcing a judgment. The trial court vacated the default judgment as to Wilson only.[4] The trial court ordered that "Plaintiff[s] may either proceed with an effort for new service o[f] process or dismiss Elizabeth Wilson."

On April 26, 2019, the court clerk filed the order. On April 27, 2019, the clerk served the order with a certificate of mailing. The certificate of mailing did not attach a file-stamped copy of the minute order. On May 23, 2019, plaintiffs' counsel served a notice of ruling of the court's April 26, 2019 minute order.

**5.    *Plaintiffs properly serve Wilson the summons and complaint in May 2019***

Plaintiffs served Wilson with the summons and complaint on May 22, 2019 at her Van Nuys address. Wilson acknowledged that this service was proper.

**6.    *Wilson moves to dismiss the action because plaintiffs failed to serve her within three years after filing the complaint***

On June 21, 2019, Wilson moved to dismiss the complaint against her because plaintiffs failed to serve the summons within three years of filing the complaint. Wilson stated that although plaintiffs filed their complaint on July 31, 2012, plaintiffs did not

---

[4] See footnote 3, *ante*.

7

serve her properly until May 21, 2019—after the three-year deadline for service had expired.

Plaintiffs opposed Wilson's motion to dismiss. They contended they did not delay in service because they served her shortly after the trial court quashed service of the original summons. According to plaintiffs: "This case is not the type of case that was envisioned by the Legislature when it created Code of Civil Procedure § 583—Plaintiffs have not delayed service of the Summons on Wilson in this action—it was only on April 26, 2019 that the court granted Wilson's motion to quash service of the summons served upon her on August 10, 2012." (Capitalization & underscoring omitted.)

On August 30, 2019, the trial court granted the motion to dismiss. Citing sections 583.210 and 583.250, subdivision (a), the trial court noted that plaintiffs had to serve the summons within three years of the date on which the action was commenced.[5] On August 30, 2019, the court issued a signed order dismissing the case without prejudice as to Wilson.[6]

On October 22, 2019 plaintiffs filed a notice of appeal indicating that they were appealing from the April 26, 2019 and the August 30, 2019 orders.[7]

---

[5] Section 583.210, subdivision (a) states that for purposes of computing the three-year period, an action is commenced "at the time the complaint is filed."

[6] A signed order of dismissal constitutes a judgment. (§ 581d.)

[7] An order granting a motion to quash service of summons is an appealable order. (§ 904.1, subd. (a)(3).)

8

## DISCUSSION

## A.    The Appeal is Timely

California Rules of Court, rule 8.104(a) sets forth the deadlines for appealing as follows:  "(1) Unless a statute or rules 8.108, 8.702, or 8.712 provides otherwise, a notice of appeal must be filed on or before the earliest of:  [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled *"Notice of Entry"* of judgment or a filed-endorsed copy of the judgment, showing the date either was served;  [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled *"Notice of Entry"* of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Italics added.)

In this case, neither the court clerk nor any party filed a document entitled "notice of entry."  Wilson incorrectly argues that a certificate of mailing and notice of ruling are the same as a notice of entry.  To start the clock for an appeal, the document must be entitled notice of entry or include a file-stamped copy of the order.  (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902, 905; *Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260–261.)  Because neither the clerk nor any party served notice of entry and no notice included a file-stamped copy of the order, plaintiffs had 180 days within which to appeal from the April 26, 2019 order.  Plaintiffs filed their appeal within the required 180 days.  Wilson does not dispute that plaintiffs timely filed their appeal from the judgment of dismissal, and we agree that the appeal was timely.

9

## B. Plaintiffs Demonstrate No Error on Appeal

A judgment or order challenged on appeal is presumed to be correct, and the appellant must demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant has the burden not only to show error, but also to demonstrate prejudice from that error. (Cal. Const., art. VI, § 13.) Absent satisfying these burdens, the appeal fails. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial." (*Ibid.*)

As noted earlier, on appeal, plaintiffs raise three arguments. Specifically, plaintiffs argue (1) Wilson generally appeared on January 11, 2019 at the debtor examination, which conferred personal jurisdiction over her in the trial court; (2) defendant's motion to quash service was untimely because Wilson had to file her motion to quash within 30 days of the August 10, 2012 service of process; and (3) Wilson could not file a motion to quash or motion to dismiss without first moving to set aside the default judgment.[8]

---

[8] Although the standard of review of a motion to quash depends on the nature of the appellate challenge, here plaintiffs raise only legal arguments, which we review de novo. (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449, abrogated on other grounds by *Bristol-Myers Squibb Co. v. Superior Court* (2017) __ U.S. ___, ___, [137 S.Ct. 1773, 1781.) Wilson argues that the standard of review should be abuse of

10

Before considering plaintiffs' arguments, we briefly explain what is undisputed on appeal. By minute order dated April 26, 2019, the trial court found that plaintiffs had not properly served Wilson in August 2012. Plaintiffs do not challenge that finding on appeal.[9] In the same minute order, the trial court concluded that a default judgment entered against a defendant, who was not served with the summons in the proper manner, is void. Plaintiffs do not challenge that conclusion on appeal either.

Aside from arguing that Wilson made a general appearance, plaintiffs do not challenge the trial court's finding that the dismissal of the lawsuit was mandatory because plaintiffs did not serve Wilson within a three-year period.[10]

---

discretion, but she identifies no discretionary determination challenged on appeal.

[9] Section 415.20, subdivision (b) governs substitute service and requires leaving the summons and complaint at the person's dwelling house and mailing a copy to the same address.

[10] Section 583.210 provides in pertinent part: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed." (§ 583.210, subd. (a).)

Section 583.240 provides: In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

(a)     The defendant was not amenable to the process of the court.

11

Plaintiffs do not argue that the entry of the default judgment tolled the three-year period in which they were required to serve Wilson. (*Dale v. ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 502–503 [entry of default judgment does not toll time period for service of process].) We now turn to plaintiffs' arguments, which we discuss seriatim.

1. *Even if Wilson's appearance at the Debtor's Examination Were a General Appearance, the Trial Court Did Not Obtain Jurisdiction Over Her Because Any Such Appearance Was Outside the Three-Year Mandatory Period For Serving Her*

Plaintiffs argue that Wilson made a general appearance at the debtor's examination on January 11, 2019. According to plaintiffs: "If Wilson believed that the trial court did not have jurisdiction over her because of the issue of service of the Complaint, she should not have appeared at the judgment debtor examination hearing." (Capitalization, boldface & underscoring

---

(b) The prosecution of the action or proceedings in the action was stayed and the stay affected service.

(c) The validity of service was the subject of litigation by the parties.

(d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision.

Plaintiffs do not rely on any provision in section 583.240.

12

omitted.) Plaintiffs rely on the general principle that " '[a] defendant submits to the court's jurisdiction by making a general appearance in an action' by 'participat[ing] in the action in a manner which recognizes the court's jurisdiction.' " (*State Farm General Ins. Co. v. JT's Frame, Inc.* (2010) 181 Cal.App.4th 429, 441 (*State Farm*); see also *Factor Health Management v. Superior Court* (2005) 132 Cal.App.4th 246, 250 ["A defendant submits to the court's jurisdiction by making a general appearance in an action."])

This principle does not apply to a defendant who generally appears *after* the time for service of process has expired. "A general appearance after the period for service has run does not give the court jurisdiction over the defendant." (*Dale v. ITT Life Ins. Corp.*, *supra*, 207 Cal.App.3d at pp. 499–500, fn. 4.) Notably, our Supreme Court explained: " '[A] general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal . . . .' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 333.)

We need not decide whether Wilson's appearance at the debtor's examination was a general appearance. Assuming that it was a general appearance, the appearance occurred after the three-year period for service had expired. In short, plaintiffs do not show that the trial court had personal jurisdiction over Wilson.

Plaintiffs rely on *State Farm*, *supra*, to no avail. In that case, Division Four of this court held an "order denying the motion to quash is not appealable where, as here, the party contesting jurisdiction enters a general appearance and litigates the merits." (181 Cal.App.4th at p. 433.) There, our colleagues rejected the defendant's contention that "as long as writ review of

13

the order denying a motion to quash is pending at the time of final resolution of the case, a defendant who initially contests jurisdiction and thereafter fully litigates the merits of the case has never made a general appearance and therefore never waived the alleged jurisdictional defect for purposes of seeking appellate review." (*Id*. at p. 440.)

Instead, our colleagues opined in a case in which defendant had unsuccessfully challenged the trial court's denial of its motion to quash for lack of personal jurisdiction in a writ proceeding: "Once the motion is denied or writ proceedings have concluded, the actions undertaken by the defendant while the motion or writ was pending that recognized the trial court's jurisdiction will be 'deemed' to constitute a general appearance, and no further objection to jurisdiction will be permitted. [Defendant] having participated fully in resolving the merits of the litigation while the writ was pending, submitted itself to the jurisdiction of the court and waived any further right to contest personal jurisdiction." (*State Farm*, *supra*, 181 Cal.App.4th at p. 441.) We fail to discern the relevance of *State* Farm to the case before us. *State Farm* did not consider the consequence of a defendant entering a purported general appearance after the time for service of process had expired.

2. *Plaintiffs Do Not Demonstrate That Wilson's Motion to Quash Was Untimely*

Plaintiffs argue that the trial court erred in granting Wilson's motion to quash because it was not timely under section 418.10, subdivision (a). Specifically, they contend that Wilson was served on August 10, 2012, and that the last day for Wilson to serve a response was therefore on September 20, 2012.

14

Section 418.10, subdivision (a) provides in pertinent part: "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes:  [¶]  (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her."

The problem with plaintiffs' argument is that it is based on the false premise that plaintiffs served Wilson on August 10, 2012.  As explained above, plaintiffs' substitute service on Wilson in 2012 was ineffective.  (See *Greene v. Municipal Court* (1975) 51 Cal.App.3d 446, 451–452 [trial court does not acquire jurisdiction over parties served with defective summons].)  Plaintiffs did not effect service on Wilson until May 22, 2019, and she timely filed her motion to quash based on that proper service.  Stated otherwise, Wilson filed her motion to quash less than 30 days after the summons was served on her on May 22, 2019.  (§ 412.20, subd. (a)(3) [defendant has 30 days to file a response to a summons].)  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 350; *AO Alfa-Bank v. Yakovlev* (2018) 21 Cal.App.5th 189, 202 [same].)

3.    *Plaintiffs Demonstrate No Error in the Trial Court's Order Vacating the Default Judgment*

When it granted Wilson's motion to quash, the trial court also vacated the default judgment so far as it concerned Wilson.  Plaintiffs do not challenge the trial court's conclusion that the default judgment was void because of the defective service.  Instead plaintiffs make a procedural argument:  Wilson had to bring a motion to vacate the default judgment under sections 473,

15

subdivision (b) and 473.5 prior to filing a motion to quash or motion to dismiss.  Plaintiffs are technically correct that Wilson filed her motion to quash before filing a motion to vacate the default judgment although their authorities are not apposite.[11] Where, as here, the trial court in fact vacated the default judgment, any such technical error was harmless and a reversal based on that harmless error would be an idle act.

Quoting *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385–386 (*Devlin*), plaintiffs contend: "Once a default has been entered against a defendant, a defendant has no right to appear in court until either (a) its default is set aside, or (b) a default judgment is entered." Plaintiffs also argue that Wilson first had to move to set aside the default judgment.

In *Devlin*, *supra*, a defendant appealed twice.  In the first appeal, the appellate court rejected the defendant's effort to quash service of process and set aside a default judgment. (155 Cal.App.3d at p. 384.)  In the second appeal, the appellate court considered whether the defendant could participate in further proceedings regarding the amount of punitive damages. (*Ibid*.)  Noting that "a judgment hearing following default" was of an "ex parte nature," the court held that the defaulted defendant could not participate in that hearing.  (*Id*. at pp. 385–386.)  In contrast to the defendant in *Devlin*, who filed an unsuccessful motion to quash, Wilson filed a successful motion to quash and the trial court vacated the default judgment.  Plaintiffs do not explain how *Devlin* is instructive.

---

[11] Wilson filed her motion to dismiss after the trial court vacated the default judgment.

16

Plaintiffs also cite sections 473, subdivision (b) and 473.5, but fail to explain how those statutes apply to the instant matter. Section 473, subdivision (b) provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The statute is not applicable here because Wilson did not seek to be relieved from the default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect, but instead, lack of personal jurisdiction based on ineffective service.

Section 473.5 provides in pertinent part: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) " ' "[A]ctual notice" in section 473.5 "means genuine knowledge of the party litigant . . . ." [Citation.]' " (*Ellard v. Conway*, *supra*, 94 Cal.App.4th at p. 547.) A person may be properly served but lack actual notice of the litigation. Here, the trial court did not vacate the default judgment because Wilson did not receive notice of the lawsuit. Instead, the trial court vacated the default judgment because it concluded that the judgment was void for ineffective service in the first place.

17

Finally, plaintiffs have failed to demonstrate prejudice from Wilson's failure to file a motion called a motion to vacate. Plaintiffs identify no substantive challenge to the trial court's conclusion that it had to vacate the default judgment. Although the trial court rendered that conclusion following a motion to quash not a motion to vacate, we decline to remand the case to require Wilson to file a motion stylized as a motion to vacate. The law does not require idle acts. (Civ. Code, § 3532.) Remanding this matter for Wilson to file a motion to vacate would indeed be an exercise in futility because the trial court has already found it had to vacate the default judgment because of ineffective service, and on appeal plaintiffs have not identified any error with that finding.

*Dill* supports the futility of a remand to enable Wilson to file a motion denominated a motion to vacate the default judgment against her. In *Dill*, the appellate court held that a trial court impliedly granted a motion to vacate a default when it dismissed a lawsuit for improper service (24 Cal.App.4th at p. 1443), and observed that "[t]here is no reason to force the defendants to such an expense [of filing a formal motion] when the determinative legal issue has already been correctly decided by the trial court." (*Id*. at p. 1444.)

Here, we do not even have to imply that the trial court intended to vacate the default judgment; it in fact did vacate the default judgment against Wilson. Plaintiffs demonstrate no error in the order vacating the default judgment and therefore fail to demonstrate any error requiring reversal.[12]

---

[12] In a supplemental letter brief, Wilson requested sanctions, but failed to file a noticed motion as required by California Rules of Court, rule 8.276. Although Wilson faults

18

appellant's counsel for pursuing the appeal after Coha died, counsel eventually substituted in a new plaintiff. (See fn. 1, *ante.)*

## DISPOSITION

The order quashing service is affirmed. The judgment of dismissal of Elizabeth Wilson is affirmed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.