[No. B043073. Second Dist., Div. Seven. Nov. 16, 1990.]

JOHN R. GRAF, Plaintiff and Appellant, v.
GASLIGHT et al., Defendants and Respondents.

## COUNSEL

Haight, Brown & Bonesteel, Roy G. Weatherup, Michael McCarthy, Thomas N. Charchut and Jeffrey W. Steinberger for Plaintiff and Appellant.

Bivona & Cohen, Laurence A. Dornstein and Douglas E. Klein for Defendants and Respondents.

## OPINION

**WOODS (Fred), J.**—This appeal is from an order dismissing appellant's complaint pursuant to Code of Civil Procedure section[1] 583.210 for failure to effect service of process within the three-year statutory period. Plaintiff contends that either he effected service within the three-year period or service of his complaint was impossible during the period of time between the trial court's dismissal of the complaint on its own motion and the time when the trial court reinstated his complaint. We agree with the trial court's findings to the contrary and affirm.

### FACTS AND PROCEEDINGS BELOW

This action arose from an incident alleged to have occurred on March 5, 1985. On January 17, 1986, appellant filed his complaint against The Gaslight bar, its owner Don B. Samuels, and an employee of the bar, alleging various negligent and intentional tortious acts.

---

[1] All statutory references are to the Code of Civil Procedure.

On May 27, 1988, the trial court gave notice of intention to dismiss the action on its own motion. On July 13, 1988, the court dismissed the action. The notice of intent to dismiss the action on the court's own motion was mailed to the address of record of appellant's counsel, Jeffery Steinberger (Steinberger), as was the subsequent notice of dismissal. Steinberger had failed to file a change of address with the court so that the address of record was not the current address for appellant's attorney. According to Steinberger, not all of his mail was forwarded to him at his new address.

Steinberger's legal assistant contracted with one Alex Morton to oppose the motion. Morton was an attorney who made 90 percent of Steinberger's court appearances. Steinberger claimed that: "I incorrectly assumed that Mr. Morton had made this Court appearance on my behalf and that the matter had not been dismissed based upon the content of his presentation. I did not conclusively learn that the Court had, in fact, dismissed the lawsuit until it was confirmed for me by another attorney, . . . who checked the Registry of Actions in this case at my request in late November of 1988. As late as November 22, 1988, I had consistently maintained and believed that no such dismissal had been entered."

On January 9, 1989, appellant moved the superior court for relief under section 473.

Sixteen days later, on January 25, 1989, the court granted appellant's motion and ordered the July 13, 1988, dismissal set aside.

On March 1, 1989, respondents moved to dismiss the action pursuant to section 583.210 for failure to serve the complaint within three years of its filing.

On March 7, 1989, appellant filed a proof of service indicating that The Gaslight had been served on February 9, 1989. In March of 1989, appellant filed proofs of service indicating that The Gaslight and Samuels had been served on February 28, 1989.

On March 7, 1989, appellant filed a proof of service regarding an alleged personal service on The Gaslight on August 13, 1988.

On April 27, 1989, the court granted respondents' motion to dismiss the case for failure to serve process within the three-year statutory period. The judgment of dismissal was entered on June 15, 1989. The court found that there was no showing of valid service within three years of the filing of the complaint, that respondents were not amenable to service, of impracticability due to causes beyond appellant's control or of a stay.

Appellant filed a timely notice of appeal.

## DISCUSSION

### I. *There Was Substantial Evidence to Support the Court's Finding That No Valid Service Occurred Within Three Years of the Filing of the Complaint.*

Section 583.210, subdivision (a) provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed." In relevant part, section 583.250, subdivision (a) provides: "If service is not made in an action within the time prescribed . . . [¶] (2) The action shall be dismissed . . . ."

It is undisputed that service of process on respondents was effected on February 9, 1989, and on February 28, 1989, more than three years after commencement of the action by the filing of the complaint on January 17, 1986. However, appellant contends that service of process was also made on Don Samuels individually and on behalf of The Gaslight on August 13, 1988, and thus was within the three-year statutory period.

■ Whether respondents were actually served with process is a question of fact. (*Price* v. *Hibbs* (1964) 225 Cal.App.2d 209, 216 [37 Cal.Rptr. 270].) Our review of the record is limited to a determination of whether there is substantial evidence to support the trial court's findings of fact. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480].)

■ The evidence presented in this case raises serious doubt as to the veracity of the alleged service of process on August 13, 1988. Doubt arises due to the length of time between the alleged service on August 13, 1988, and the filing of proof of service with the court on March 7, 1989. In addition, respondent Samuels submitted a declaration stating he had never been served with a summons and complaint prior to February 9, 1989, and appellant did not file a counter declaration disputing Samuels's claim.

Based on the record before the trial court there was substantial evidence to support the court's finding that no service of process was made on August 13, 1988.

## II. *The Three-year Statutory Period for Effecting Service of Process Was Not Effectively Tolled Under Any Subdivision of Section 583.240.*

■ Appellant contends that even if service was not effected on August 13, 1988, the six-month period during which the action was dismissed tolled the three-year period for service of process under section 583.240 subdivisions (a), (c), and (d),[2] thus making the February 9, 1989, and February 28, 1989, services of process timely. For the reasons hereafter discussed, we conclude that appellant's contentions that subdivisions (a) and (c) compel a result in appellant's favor are unmeritorious. We also conclude that subdivision (d) does not compel a favorable result to appellant under the facts of this case.

Subdivision[3] (a) of section 583.240 excludes that period of time, from the statutory three-year period, during which a defendant is found to be not amenable to the court's process. Subdivision (a) has been construed to permit tolling of the three-year period when the defendant has died, the estate has not been probated, and there is no personal representative upon whom service of process can be made. (*Polony* v. *White* (1974) 43 Cal.App.3d 44, 48 [117 Cal.Rptr. 341].) Tolling has also been permitted where failure to serve occurs during the defendant's absence from the state or while defendant has secreted himself within the state to avoid being served. (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489].) No similar facts exist in this case. Moreover, the trial court impliedly found that defendants were always amenable to service.

Subdivision (c) of section 583.240 is facially inapplicable. The validity of service became the subject of litigation only *after* the three-year time period for service of process had expired.

Whether appellant has established grounds for application of section 583.240, subdivision (d)[4] comes down to the question of whether service was

---

[2] Section 583.240 provides: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The defendant was not amenable to the process of the court.

"(b) The prosecution of the action or proceedings in the action was stayed and the stay affected service.

"(c) The validity of service was the subject of litigation by the parties.

"(d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

[3] Subdivision refers to section 583.240.

[4] "The excuse of impossibility, impracticability, or futility should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence." (See Cal. Law Revision Com. com., 16 West's

"impossible . . . or futile due to causes beyond the plaintiff's control" during the period of time between dismissal and the setting aside of the dismissal. We note that it would have been futile for appellant to serve respondents with a summons and complaint in an action that had been dismissed by the court. Such service on respondents during the six-month period in which the case had been dismissed would have been a legal impossibility and conceivably could have exposed appellant to an action by respondents for abuse of process.

On January 25, 1989, the trial court set aside its initial dismissal. In doing so, the court implicitly held that the *dismissal* was mistakenly ordered by the court and not due to causes within the control of the appellant.

Even if the dismissal was impliedly due to a mistake of the court, the conclusion does not necessarily follow that any impossibility, impracticability or futility in serving respondents during the period the complaint was dismissed was due to causes beyond appellant's control.

First, a substantial portion of the "dismissal period" passed without appellant's awareness of the dismissal because Steinberger, appellant's counsel of record, failed to file a notice of change of address with the court. Notifying the court of a change of address of counsel was within the realm of appellant's control as an obligation of his counsel to keep the court informed.

Second, Steinberger contracted with Alex Morton, another attorney, to make the appearance for appellant at the hearing on the court's own motion to dismiss. According to Steinberger's legal assistant, who contracted with attorney Morton, Morton made 90 percent of Steinberger's court appearances. It was indubitably within Steinberger's control to establish follow up procedures to determine the result of court appearances made by Morton on behalf of Steinberger's clients.

Third, Steinberger had some indication in November of 1988 that a dismissal had been entered in this case even if he did not have confirmation of this fact until November 22, 1988, through the auspices of another attorney who "checked" the register of actions for Steinberger. It is particularly telling that appellant's motion under section 473 for relief from the dismissal was not filed until January 9, 1989, almost seven weeks after the "confirmation" of the dismissal.

We note that once the case was reinstated by setting aside the dismissal on January 25, 1989, appellant served The Gaslight on February 9, 1989,

Ann. Code Civ. Proc., § 583.240 (1990 pocket supp.) p. 46; Deering's Ann. Code Civ. Proc., § 583.240 (1990 pocket supp.) p. 102.)

over two weeks later. Appellant then served The Gaslight and Samuels on February 28, 1989, almost five weeks after the order of dismissal was set aside.

We conclude it is reasonable in this case to toll the three-year statute of limitations for effecting service of process for the period of time between the date that appellant requested relief from the initial dismissal (Jan. 9, 1989) and the date on which the court granted relief by setting aside the dismissal (Jan. 25, 1989), *a period of sixteen days*, as being due to causes beyond appellant's control.

However, this 16-day period of tolling is of no assistance to appellant in this instance. Since appellant filed his complaint on January 17, 1986, tolling the time for service by 16 days would only extend the time for service until February 1, 1989. Even taking into consideration the tolling period of 16 days, *appellant still failed to effect timely service since respondents were not served until February 9 and 28, 1989.*

Had appellant acted more expeditiously in moving for relief after discovering the dismissal or in serving respondents after the court granted relief, he could have effected service within the statutory period by taking advantage of the 16-day tolling period, but he did not. Accordingly, we conclude that appellant failed to use reasonable diligence in complying with statutory time limits, and we further conclude that appellant's contentions that the trial court abused its discretion are unmeritorious. (*Dale* v. *ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 503, fn. 9 [255 Cal.Rptr. 8].)

## DISPOSITION

The order dismissing the action for failure to serve the summons and complaint within three years after commencement of the action is affirmed. Respondents to recover costs on appeal.

Lillie, P. J., and Johnson, J., concurred.