Filed 12/22/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| STATE OF CALIFORNIA ex rel. EDELWEISS FUND, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JP MORGAN CHASE & CO. et al., <br><br> Defendants and Respondents. | A158728, A159529 <br><br> (City & County of San Francisco Super. Ct. No. CGC-14-540777) |

Plaintiff-Relator Edelweiss Fund, LLC (Edelweiss) appeals from an order dismissing Respondents, who are the defendants named in its original complaint, for failure to serve them with a summons and complaint within three years. (See Code of Civ. Proc., § 583.210, subd. (a).) The case is a qui tam action, brought in the name of the State of California under the California False Claims Act, Government Code sections 12650–12656 (CFCA). As the CFCA requires, the complaint was originally filed under seal and remained under seal while the Attorney General and local prosecuting authorities decided whether to intervene in the action, which they declined to do.

Immediately after the Attorney General declined intervention, Edelweiss successfully moved the court to extend the seal, and the seal remained in place for three additional years. Edelweiss contends that because service was impossible during this time, the entire time that the

1

complaint was under seal must be excluded in calculating the three-year period within which service was required.  We conclude that the extended period of sealing after the Attorney General declined to intervene cannot be considered a cause beyond Edelweiss's control, so the court had no choice but to grant these defendants' motion to dismiss.  (See Code of Civ. Proc., §§ 583.240, subd. (d); 583.250, subd. (b).)

## BACKGROUND

### I.  The California False Claims Act

Under the CFCA, those who defraud the State of California or its political subdivisions may be liable for treble damages and other penalties in an action brought by the Attorney General, the local prosecuting authority, or a private person acting in the name of the state or its political subdivisions. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1187–1188 (*Wells*).)  Where, as here, a private qui tam plaintiff (or relator) initiates a case on behalf of the state and its political subdivisions, the complaint must be filed under seal "and may remain under seal for up to 60 days," although "[t]he Attorney General or the prosecuting authority, or both, may, for good cause shown, move the court for extensions of" this time.  (Gov. Code, § 12652, subds. (c)(2) & (c)(8)(C).)

The purpose of this sealing requirement is to prevent defendants from learning "prior to intervention by the government, that they are under investigation."  (*Wells*, *supra*, 39 Cal.4th at p. 1215 [discussing federal statute on which CFCA was modeled].)  To facilitate the government's investigation, upon filing a complaint a qui tam plaintiff must serve the Attorney General with a copy of the complaint and a disclosure of the evidence on which it is based.  (Gov. Code, § 12652, subd. (c)(3).)  The Attorney General must promptly forward this material to the appropriate local prosecutors, "and

2

shall coordinate its review and investigation with" the local prosecuting authorities. (Gov. Code, § 12652, subd. (c)(8)(A).)

What happens next depends on whether a government entity decides to intervene. "Before the expiration of the 60-day period or any extensions," the Attorney General's Office must notify the court that (i) "it intends to proceed with the action, in which case the action shall be conducted by the Attorney General and the seal shall be lifted," (ii) "it declines to proceed with the action but that the prosecuting authority of the political subdivision involved intends to proceed with the action, in which case the seal shall be lifted and the action shall be conducted by the prosecuting authority," or (iii) "both it and the prosecuting authority decline to proceed with the action, in which case the seal shall be lifted and the qui tam plaintiff shall have the right to conduct the action." (Gov. Code, §12652, subd. (c)(8)(D).) The common themes are that it is the Attorney General who is responsible for notifying the court of the outcome of government investigations and that after this notification "the seal shall be lifted." (*Ibid.*)

"No service shall be made on the defendant until after the complaint is unsealed." (Gov. Code, §12652, subd. (c)(2).)

## II. Factual and Procedural Background

On July 28, 2014, Edelweiss filed under seal its qui tam complaint, seeking to recover more than $700 million in false claims allegedly paid by the State of California and various political subdivisions. Named as defendants were a number of entities involved in the marketing of government-issued variable-rate bonds (Initial Defendants, or Respondents).

The Attorney General reportedly requested and received multiple extensions of the 60-day period for investigation and then, on October 28,

3

2015, filed a notice declining to intervene.[1]  The notice further informed the court: "The Attorney General's Office notified local prosecuting authorities that it did not anticipate seeking any additional extensions of the seal in this matter.  As of the filing of this Notice, no other government prosecuting authorities have notified the Attorney General's Office that they remain interested in this action or have made a determination whether to intervene in the action.  (See California Rules of Court, Rule 2.573.)"  Only one local entity communicated its intentions directly to the court; on March 16, 2015, the East Bay Municipal Utility District notified the court that it declined to intervene.

The day after the Attorney General declined intervention, Edelweiss moved to further extend the seal to January 31, 2016.  Citing legal authority allowing the Attorney General to obtain an extension on a showing of good cause (Gov. Code, §12652, subd. (c)(8)(C)), Edelweiss supported its own assertion of good cause with two simple sentences.  The extension would give Edelweiss "additional time to approach the numerous municipalities within the State that have potential claims and damages," and it would "protect the interests of several other states still in the process of pursuing their own investigations."  Details were not provided, but the motion was unopposed and the superior court granted it.  Then, before the seal was again set to expire, Edelweiss filed a second motion to extend the seal, this time to June

---

[1] The parties inform the court that the Attorney General sought and received three extensions of the seal, cumulatively extending the seal until September 21, 2015, but the parties neglect to include evidence from the record to support these factual assertions.  The parties are reminded it is their responsibility to provide any document from the superior court file "that is necessary for proper consideration of the issues."  (Cal. Rules of Court, rules 8.122(b)(3) & 8.124(b)(1)(B).)

4

30, 2016.  Once more, the superior court granted Edelweiss's unopposed motion.

Edelweiss filed no further motions to extend the seal but, for two years after the seal period expired, also did not move to lift the seal.  On July 18, 2016, in granting Edelweiss's request to continue a case management conference, the court reminded Edelweiss that the seal period had expired and instructed Edelweiss, "[t]o formally lift the seal, please obtain [an] order in Dept. 302."  Six months later, in again granting Edelweiss's request to continue a case management conference, the court reiterated that Department 302, not the department in which Edelweiss was filing case management conference statements, had authority to extend or lift the seal.  Edelweiss sought no such order but instead, on March 15, 2017, filed under seal a first amended complaint.  Also, in November 2017 when the Circuit Court of Cook County, Illinois unsealed a related action Edelweiss had filed there, Edelweiss did not promptly share this fact with the San Francisco Superior Court.

On June 26, 2018, Edelweiss finally asked the court for the first time to unseal the case, but it made this request in a case management statement rather than in a motion filed in Department 302.  After the court issued yet another reminder that requests regarding sealing should be directed to Department 302 and after several months of additional back and forth between the court and Edelweiss, the clerk of the court informed Edelweiss that it had unsealed the action "on or around December 4, 2018."  A few weeks later, Edelweiss began serving the first amended complaint on Respondents, and by the end of February or early March 2019 all of them had been served with the first amended complaint or agreed to accept service of a second amended complaint.  Edelweiss filed its second amended complaint on

5

March 25, 2019, adding several defendants that are affiliates of the Initial Defendants.

Defendants moved to dismiss the second amended complaint, and on July 12, 2019 the superior court granted the motion with respect to the Initial Defendants. The court concluded "that the time from October 28, 2015 to December 4, 2018 is included in the three-year period" during which service must be accomplished because, even if Edelweiss was unable to serve the summons until the seal was lifted, the continuing in effect of the seal after October 28, 2015 was not a circumstance beyond Edelweiss's control. Since the Initial Defendants were not served during the three years after the Attorney General notified the court it would not intervene, "[d]ismissal is mandatory as to those defendants." As to the remaining defendants, the court denied the motion.

Edelweiss timely appealed the court's July 12, 2019 order and the resulting judgment dismissing Respondents from the case, and we consolidated the two appeals.

## DISCUSSION

Subject to certain exceptions, the Code of Civil Procedure requires a defendant to be served a summons within three years. Section 583.210, subd. (a) states that "[t]he summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant" by the filing of a complaint. The code then excludes from this three-year period any time during which: a defendant was not amenable to process, the proceedings were stayed in a manner affecting service, the validity of service was being litigated, or "[s]ervice, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control." (Code of Civ. Proc., § 583.240 (§ 583.240).) The question in this case

6

is whether the last of these exceptions applies, specifically, whether the impossibility of serving defendants while the seal remained in place was a cause "beyond the plaintiff's control."  (§ 583.240, subd. (d).)[2]

The three-year service requirement is "mandatory" and is "not subject to extension, excuse, or exception except as expressly provided by statute." (Code of Civ. Proc., § 583.250, subd. (b); see also *Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 324.)  Further, we are strictly to construe " '[t]he excuse of impossibility, impracticability, or futility . . . in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence.' "  (*Dale v. ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 502 (*Dale*) [quoting 17 Cal. Law Revision Comm. Rep. (1984) p. 905] italics omitted; see also *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1103 (*Gaines*).)

---

[2] At oral argument Edelweiss for the first time urged that subdivision (b) of section 583.240 constitutes a separate basis for tolling the three-year period.  This provision applies when "prosecution of the action or proceedings in the action was stayed and the stay affected service."  (*Id.*)  In its appellate briefing, Edelweiss mentioned subdivision (b) only in passing, to "support [its] interpretation" of and to "clarify subsection (d), the subsection at issue in this appeal."

" 'It is a clearly understood principle of appellate review . . . that contentions raised for the first time at oral argument are disfavored and may be rejected solely on the ground of their untimeliness.' "  (*Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463.)  We reject the argument that section 583.240, subdivision (b) tolls the three-year period because the argument was not timely made and because Edelweiss acknowledges the seal is not, in fact, a stay but simply "analogous" in its effect.  We are not at liberty to expand the language of subdivision (b) to reach circumstances that are merely analogous (Code of Civ. Proc., § 583.250, subd. (b) [no exceptions to the three-year rule "except as expressly provided by statute"]), so Edelweiss's appeal must stand or fall on application of the catch-all provision of section 583.240, subdivision (d).

7

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' " (*Bruns v. E–Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.) The burden of proof is on the plaintiff, and we will not disturb the trial court's determination unless the plaintiff also proves the trial court abused its discretion. (*Ibid*.) "Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Gaines*, *supra*, 62 Cal.4th at p. 1100.) *Bruns* and *Gaines* each reviewed for abuse of discretion a trial court's decision to dismiss an action under the rule requiring a case to be brought to trial within five years (Code of Civ. Proc., § 583.310) unless a plaintiff establishes an exception such as impossibility, impracticability, or futility (Code of Civ. Proc., § 583.340, subd. (c)). (See *Bruns*, at p. 731; *Gaines*, at p. 1102.) This dismissal rule was adopted in the same Senate bill as section 583.240, the provision at issue in this case, and is also "mandatory" (Code of Civ. Proc., § 583.360, subd. (b)). (See *Bruns*, at p. 721.) In view of these parallels, we will apply the same abuse-of-discretion standard of review in this case. (See also *Graf v. Gaslight* (1990) 225 Cal.App.3d 291, 298 (*Graf*); disapproved on another ground in *Watts v. Crawford* (1995) 10 Cal.4th 743, 758, fn. 13; *Paul v. Drost* (1986) 186 Cal.App.3d 1407, 1411.)

We begin by agreeing with both parties that the three-year statutory period for service of summons was tolled until October 28, 2015, when the Attorney General filed her notice of non-intervention. The CFCA requires that a complaint remain sealed while the Attorney General and local prosecuting authorities are deciding whether to intervene, and it forbids

8

service on defendants until the complaint has been unsealed.  (Gov. Code, § 12652, subds. (c)(2), (c)(8)(C) & (D).)  We understand the Attorney General to have secured extensions of the initial 60-day period to allow more time for this review.  (Gov. Code, § 12652, subd. (c)(8)(C).)  We therefore agree that for reasons beyond Edelweiss's control, service was impossible before October 28, 2015.  (See § 583.240, subd. (d).)

But after October 28, 2015 it was Edelweiss that, having twice moved the court to extend the seal, for two years failed to bring the motion necessary to lift the seal as the court directed beginning in July 2016.  We see no basis for concluding that, under these circumstances, the extension of the seal after October 28, 2015 was a circumstance beyond Edelweiss's control. The parties dispute whether a court has authority to maintain the seal in response to a motion from a plaintiff-relator, when the language of the statute mentions only motions brought by the Attorney General or by a local prosecuting authority.  (See Gov. Code, § 12652, subd. (c)(8)(C).)  We need not resolve this dispute.  It is enough to observe that, even if the law allows Edelweiss to secure an extension of the seal, it was Edelweiss that voluntarily decided to seek these extensions and then not to move to have the seal lifted as the court indicated it could do.  On these facts we cannot say the continuing seal was a circumstance beyond Edelweiss's control.  Edelweiss could have moved the superior court to lift the seal any time after October 28, 2015, and for a period of years it chose not to file this motion.  Every indication is that, had Edelweiss brought such a motion in Department 302, the court would have granted it.  Certainly, Edelweiss offers no evidence suggesting otherwise.  We therefore hold that beginning October 28, 2015, the fact that Edelweiss's complaint remained under seal was not a cause

beyond Edelweiss's control and did not toll the three-year period for effecting service on Respondents.

Edelweiss makes two contrary arguments, neither of which persuades us. First, Edelweiss argues that where there is a conflict between a seal imposed pursuant to the CFCA and the general requirements of the Code of Civil Procedure for prompt service, the "CFCA's sealing provision takes precedence." Edelweiss attempts to support this proposition with *Wells*, *supra*, 39 Cal.4th 1164, which holds that a case brought under the CFCA is not subject to the prior presentment requirement of the Tort Claims Act (Gov. Code, § 815 et seq.). The *Wells* Court first observes that the Tort Claims Act exempts claims brought by the state from the requirement that a local public entity be presented with a written claim for damages before a case is filed, concluding this precept should extend to a CFCA complaint brought by a private party in the name of the state. (*Wells*, at p. 1214.) *Wells* then notes a tension between the claim presentment requirement in the Tort Claims Act and the secrecy provisions of the CFCA. (*Ibid*.) The CFCA requires secrecy when a case is initially filed to protect the government's investigation while state and local prosecutors decide whether to intervene, and this purpose "would obviously be undermined if CFCA qui tam plaintiffs were required . . . to present 'local public entity' defendants . . . with written claims before proceeding with suit." (*Id*. at p. 1215, italics omitted.) To the extent the two statutes must be harmonized, the *Wells* Court concludes the CFCA, as the "later and more narrowly focused statute, . . . must prevail over contrary provisions of the earlier and more general" Tort Claims Act. (*Ibid*.)

Edelweiss seizes on this last point to argue that the Code of Civil Procedure's three-year rule is, like the Tort Claims Act, an earlier and more general statute that must yield to the secrecy requirements of the CFCA.

10

(See Code of Civ. Proc., § 583.210 et seq.)  Edelweiss argues that serving the complaint "while official investigations are ongoing would fatally undermine the purpose of the seal."

This argument completely ignores that the statute gives the Attorney General and local prosecutors the right to protect official investigations themselves, seeking extensions of the seal if they think they need them.  (See, e.g., Gov. Code, § 12652, subd. (c)(8)(C).)  No party argues, and we do not hold, that any of the time during which the complaint remained sealed at the Attorney General's request counts toward the three-year window during which service must be accomplished.  Government entities can, with their own requests, protect their investigations—and nothing in Government Code section 12652 appears to preclude the Attorney General, "for good cause" (Gov. Code, § 12652, subd. (c)(8)(C)), from requesting extensions to protect the investigations of law enforcement authorities outside California—so Edelweiss's argument addresses a problem that does not exist.  Edelweiss presumes a conflict between the government's need for secrecy and the requirement for prompt service of summons, when any such conflict is easily resolved via the statutorily mandated procedure of a motion brought by the pertinent prosecutor to extend the seal.  A motion brought by a qui tam plaintiff without objection from the Attorney General or local prosecutors is in no wise comparable, and the language of the CFCA stands as an obstacle to any attempt to blur the distinction between public and private moving parties.  (See Gov. Code, §§ 12652, subd. (c)(8)(C) ["Attorney General or [local] prosecuting authority" may seek extensions of 60-day period] & subd. (c)(8)(D) ["Attorney General shall . . . . [¶]  [n]otify the court" whether it or local prosecuting authority will intervene before plaintiff-relator may conduct the action].)

11

Edelweiss's second argument shifts the focus away from how the sealing order came to remain in effect after October 28, 2015. Edelweiss contends that simply because "[c]ompliance with a facially valid court order is mandatory" (*Highland Stucco & Lime, Inc. v. Superior Court* (1990) 222 Cal.App.3d 637, 644), the sealing order constituted a "cause[] beyond the plaintiff's control." (See Code of Civ. Proc., § 583.240, subd. (d).) The problem with this argument is that compliance with a facially valid court order is only mandatory for as long as that order remains in effect. Given the plain language of the CFCA, we conclude it was within Edelweiss's control to get the order changed after the Attorney General notified the superior court that she would not intervene and that none of the local prosecutors whose investigations she was coordinating had indicated any remaining interest in the action. (See Gov. Code, §12652, subd. (c)(8)(D) ["the seal shall be lifted" after the Attorney General notifies the court of the outcome of governmental investigations].) *Highland Stucco* is distinguishable in that the stay that prevented service in that case was not entered in response to the plaintiff's own motion, but pursuant to the trial court's discretionary powers actively to manage complex litigation. (*Highland Stucco*, at p. 640; see also Code of Civ. Proc., § 583.240, subd. (b) [separate exception to the three-year rule for stays].)

Indeed, other precedents establish that a facially valid court order that makes service impossible or impracticable is not enough to toll the three-year period, where the circumstances prompting the order were within plaintiff's control. (See Code of Civ. Proc., § 583.240, subd. (d).) An early case illustrating this principle is *Dale*, in which the plaintiff secured a default judgment against the defendant without first properly effecting service. (*Dale*, *supra*, 207 Cal.App.3d. at pp. 497–498.) When plaintiff later sought to

12

secure satisfaction of the judgment, the defect in service of the summons was discovered, but the three-year period for properly serving the defendant had long since passed. (*Ibid*.) The court of appeal recognized that service on a defendant is impracticable after entry of a default against that defendant but upheld dismissal under the three-year rule; because the plaintiff had caused the erroneous entry of default, "the circumstances making service impracticable were entirely within Dale's control." (*Id*. at pp. 502–503.)

Similarly in *Graf*, the trial court refused to toll the three-year statutory window for a six-month period during which the action had been improperly dismissed by the court. (*Graf, supra,* 225 Cal.App.3d at pp. 296–297.) Acknowledging "it would have been futile for [plaintiff] to serve [defendants] with a summons and complaint in an action that had been dismissed," the appellate court nonetheless affirmed a subsequent dismissal of the action for failure to serve the summons within three years. (*Ibid*.) The *Graf* court cited several ways that the plaintiff, had he been reasonably diligent, could have discovered the first dismissal and promptly filed a motion seeking relief from it. (*Id*. at pp. 297–298.) Because plaintiff delayed in filing such a motion, the three-year period was not tolled while the case remained dismissed and no motion seeking relief was on file. (*Ibid*.; see also *A. Groppe & Sons Glass Co. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220 [affirming dismissal for failure timely to serve summons because plaintiff could have brought, but did not, a motion to compel bankruptcy trustee to pursue a claim].)

Edelweiss protests that it did not control whether the complaint remained sealed, since the "ability to seek discretionary relief from a court is not 'control.'" Edelweiss ignores that it did much more than fail to seek discretionary relief; it actively procured two extensions of the seal preventing it from serving the complaint and then failed for a period of years to file a

13

motion that, given the language of the CFCA, would almost certainly have been granted as little more than a house-keeping matter.  (See Gov. Code, §12652, subd. (c)(8)(D) ["the seal shall be lifted"].)

Ostensibly, Edelweiss sought these delays in unsealing the complaint to allow various law enforcement entities in and outside California to consider—or re-consider—intervening in this case or its out-of-state counterparts.  But Edelweiss produced no evidence that after the Attorney General's notification of non-intervention, any local prosecutor was still investigating the conduct that is the subject of its complaint.  This is hardly surprising since, if any local prosecutor had been interested in the case, the CFCA would have obligated that prosecutor to coordinate his or her efforts with the Attorney General's Office before the Attorney General filed a non-intervention notice that resulted in the plaintiff-relator obtaining "the right to conduct the action."  (Gov. Code, §12652, subd. (c)(8)(A) & (c)(8)(D).)[3]  And

[3] The CFCA unambiguously states that the Attorney General "shall coordinate its review and investigation with" the local prosecuting authorities, and that the Attorney General "shall . . . .  [¶] [n]otify the court" whether the prosecuting authority of any pertinent political subdivision intends or declines to proceed with the action.  (Gov. Code, §12652, subd. (c)(8)(A) & (c)(8)(D).)  The applicable rule of court further requires, "The Attorney General and all local prosecuting authorities must coordinate their activities to provide timely and effective notice to the court that:  [¶] (1) A political subdivision or subdivisions remain interested in the action and have not yet determined whether to intervene; or [¶] (2) The seal has been extended by the filing or grant of a motion to extend time to intervene, and therefore the seal has not expired."  (Cal. Rules of Court, rule 2.573(b).)

Against this backdrop, the portion of the same rule stating that sealed records in a CFCA case "must remain under seal until the Attorney General and all local prosecuting authorities involved in the action have notified the court of their decision to intervene or not intervene" must be understood as referring to the requirement that local prosecuting authorities notify the court *through the Attorney General* of their decision whether to intervene.

14

any concern about parallel investigations in other states would have been moot after Edelweiss's related complaint in Illinois was unsealed in November 2017, at which point almost a year remained during which Respondents could have been served before the three-year period expired.

Ultimately, we need not concern ourselves with the motivation behind Edelweiss's decision to ask the court to extend the seal, rather than to lift it after October 28, 2015. Because the three-year service requirement is "mandatory" where no exception applies (Code of Civ. Proc., § 583.250, subd. (b)), it is enough to establish that Edelweiss caused the court to enter the orders twice extending the seal and to leave the seal in place for more than two additional years, so that we cannot say the resulting inability to serve Respondents within three years was a circumstance beyond Edelweiss's control. Under these circumstances, the trial court was required to dismiss Respondents from the case. Its order was no abuse of discretion.

## DISPOSITION

The July 12, 2019 order dismissing Respondents is affirmed, as is the appealed-from judgment that followed this order. Edelweiss is to pay Respondents' costs on appeal. (See Cal. Rules of Court, rule 8.278.)


TUCHER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

---

(See Cal. Rules of Court, rule 2.573(a)(1).) There was no need to continue the seal in place until local prosecuting authorities (other than the East Bay Municipal Utility District) filed with the court their own notices of non-intervention.

15

Trial Court: City & County of San Francisco Superior Court

Trial Judge: Hon. Anne-Christine Massullo

Counsel: Lawrence Law Firm, Jeffrey W. Lawrence; Constantine Cannon LLP, Ari Yampolsky; Goldstein & Russell, P.C., Tejinder Singh; Schneider Wallace Cottrell Konecky LLP, Todd M. Schneider, Matthew S. Weiler, James A. Bloom, and Kyle G. Bates for Plaintiff and Appellant

Wilmer Cutler Pickering Hale and Dorr LLP, Matthew Benedetto, and Jonathan Cedarbaum for Defendant and Respondent Bank of America Corporation

Greenberg Traurig LLP, William J. Goines; Harrison Law LLC, Holly Harrison, and David Jorgensen for Defendant and Respondent JPMorgan Chase & Co.

Jones Day, Matthew J. Silveira for Defendant and Respondent Wells Fargo & Company

Sidley Austin LLP, Matthew J. Dolan for Defendant and Respondent Morgan Stanley Smith Barney LLC

Greenberg Traurig LLP, William J. Goines; Harrison Law LLC, Holly Harrison, and David Jorgensen for Defendant and Respondent JPMorgan Chase & Co.

Keesal, Young & Logan, Ben Suter for Defendant and Respondent Piper Jaffray Companies

Sullivan & Cromwell LLP, Robert A. Sacks for Defendant and Respondent Stifel, Nicolaus & Co., Inc.

Katten Muchin Rosenman LLP, Patrick M. Smith, Christian T. Kemnitz, and Sarah K. Weber for Defendant and Respondents Westhoff Cone & Holmstedt

Keesal, Young & Logan, Peter R. Boutin, and Christopher A. Stecher for Defendant and Respondent Orec Securities, LLC (formerly known as Red Capital Markets, LLC)

16

Kutak Rock LLP, Kevin J. Grochow for Defendant and
Respondent Gates Capital Corporation

Quarles & Brady LLP, James Y. Wu for Defendant and
Respondent Stern Brothers & Co.

Keesal, Young & Logan, Peter R. Boutin, Christopher A.
Stecher; Paul, Weiss, Rifkind Wharton & Garrison LLP,
Susanna M. Buergel, Karen R. King, Jane B. O'Brien for
Defendants Citigroup, Inc. and Royal Bank of Canada

*State of California ex rel. Edelweiss Fund, LLC v. J.P. Morgan Chase & Co. et al.* (A158728)


17