Filed 6/22/21  Corona v. Epic Plastics CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| AUDREY M. CORONA et al., | C087305 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2014-00172856-CU-PO-GDS) |
| v. | |
| EPIC PLASTICS, INC., | |
| Defendant and Respondent. | |

Carlos Corona was killed while working for a recycling business when he fell on a conveyor belt and was drawn into a bale breaker machine that breaks up bales of plastic bottles into pieces.  Plaintiffs, his spouse and children, filed suit in 2014 alleging that the bale breaker lacked safety devices, such as a guard on the conveyor belt or an emergency cut-off switch, which would have prevented his death.  In 2017 the trial court granted summary judgment to the defendants named in the suit.  Plaintiffs thereafter added Epic Plastics, Inc. (Epic) as a Doe defendant.

1

In 2018 the trial court granted Epic's motion to dismiss under Code of Civil Procedure section 583.210, the statute mandating dismissal for failure to serve the summons and complaint within three years after commencement of the action.[1]

On appeal, plaintiffs contend that the time for service should have been tolled while Epic's prior motion to dismiss was pending under section 583.420, subdivision (a)(1), the statute giving the trial court discretion to dismiss for failure to serve within two years. Plaintiffs contend this motion tolled the three-year period under section 583.240, subdivision (c), the provision excluding time during which "[t]he validity of service was the subject of litigation by the parties." (§ 583.240, subd. (c).) Plaintiffs contend the trial court erred in determining that this exclusion did not apply.

We find no error. It is undisputed that plaintiffs made no effort to serve Epic during the two-year period after the suit was commenced. If there was no attempted service, there was no issue of validity of service for the parties to litigate. Epic's initial motion to dismiss was based on the absence of service, not the invalidity of attempted service.

Plaintiffs further contend that the trial court should have tolled the three-year period under section 583.240, subdivision (d), for the time when service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control." (§ 583.240, subd. (d).) Again, we find no error. Plaintiffs' failure to serve Epic in the short window of time that remained after they learned the name of the proper person to serve was due to their delay in attempting service, not causes beyond their control. Moreover, when plaintiffs did attempt service, they declined to serve Epic by substitute service, which could have been effected in a timely manner. We conclude the trial court did not err in

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

ruling that service was not impossible, impracticable, or futile for reasons beyond plaintiffs' control.

The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this action on December 12, 2014.

On May 16, 2017, the trial court granted motions for summary judgment filed by Pacific Coast Building Products, Inc. and Whal 2007, LLC, Whal Properties, L.P., and Whal G.P., LLC. On July 12, 2017, the court denied plaintiffs' motion for a new trial to reverse the orders granting summary judgment.

On June 23, 2017, plaintiffs added Epic as a Doe defendant, and on July 14, 2017, attempted to serve Epic.

On August 14, 2017, Epic simultaneously moved to quash the attempted service and to dismiss under section 583.420, the two-year discretionary statute.[2] In the motion to dismiss, Epic argued that "the attempted service on Epic . . . was not valid because the 'summons' was defective, and [a] Motion to Quash Service is pending. But even if we assume *arguendo* that service on Epic . . . has been completed, more than two years and seven months passed by that time since Plaintiff's original Complaint was filed on December 12, 2014." (Underlining omitted.) Epic asserted that, since "[i]t is beyond dispute here that service was not made on Epic . . . within two years," plaintiffs had the burden to establish an excuse, and the only available excuse was that service "within two

---

[2] Defendant Craig Boblitt, the founder of Epic, was added by a Doe amendment at the same time as Epic and plaintiffs also attempted to serve Boblitt. Boblitt and Epic jointly filed the motion to quash and motion to dismiss under the two-year statute. On December 6, 2017, the court granted the motion to dismiss as to Boblitt. Plaintiffs do not appeal from the judgment in favor of Boblitt.

years 'was impossible, impracticable, or futile due to causes beyond the plaintiff's control.' "[3] Epic argued that this is a " 'stringent standard' " that plaintiffs had not met.

On August 28, 2017, plaintiffs filed a "qualified non-opposition" to the motion to quash conceding "there were defects in the Summons served on" Epic "that could be considered fatal." Plaintiffs stated that an amended summons was out for service on Epic's registered agent for service of process. As a result, plaintiffs contended that the motion to quash "is essentially moot."

On August 28, 2017, plaintiffs attempted to serve Epic via its former registered agent for service of process.

On September 11, 2017, the trial court rejected plaintiffs' argument that the motion to quash was moot and granted the motion based on plaintiffs' concession that the summons was defective.

On September 18, 2017, plaintiffs filed an opposition to Epic's motion to dismiss. Plaintiffs maintained that, when the complaint was filed, they believed that Epic was a fictitious business name for Basalite Concrete Products (Basalite), the decedent's employer. Plaintiffs contended that it was not until Pacific Coast Building Products, Inc. filed its summary judgment motion on February 9, 2017, that plaintiffs learned Epic had been an independent corporation and had owned the bale breaker until 2011, when the corporation was dissolved and the bale breaker transferred to Basalite. Plaintiffs' counsel declared that, on May 16, 2017, when the trial court ruled on summary judgment that Epic owned the bale breaker, he "decided that there was a cause of action against Epic" and added Epic as a Doe defendant.

---

[3] The excuse that service was impossible, impracticable, or futile due to causes beyond the plaintiff's control applies to both the two-year discretionary and the three-year mandatory statute to dismiss for failure to serve the defendant. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 11:92, citing § 583.240, subd. (d).)

4

On October 10, 2017, the court ruled on the motion to dismiss. The court found that "[i]t appears Plaintiffs did not effect valid service of summons" on Epic "until August or September 2017." Thus, "Plaintiffs did not serve Epic . . . with summons until more than two years after they filed suit." The trial court concluded that discretionary dismissal was warranted because plaintiffs did not bring in Epic as a Doe defendant "until approximately 30 months after filing suit." However, the court determined that plaintiffs had met their burden to offer an excuse for the delay, because "[u]ntil they learned in 2017 that Epic dissolved in 2011, they genuinely believed that Epic was merely a dba" for the decedent's employer.

After this ruling, Epic challenged the representations made by plaintiffs' counsel regarding the timing of when plaintiffs learned that Epic had owned the bale breaker. On November 13, 2017, the court changed its ruling and tentatively granted Epic's motion to dismiss, finding that plaintiffs learned of Epic's ownership of the bale breaker a year before they named the corporation as a Doe defendant. However, after oral argument, on November 15, 2017, the court reverted to its original ruling, based on defense counsel's acknowledgement at the hearing that Basalite had continued to use Epic as a fictitious business name. Epic filed a petition for writ of mandate to reverse the trial court's decision, which this court denied on December 21, 2017. (*Epic Plastics, Inc. v. Superior Court* (den. Dec. 21,2017, C086029).)

On February 2, 2018, the trial court granted Epic's motion to quash service on its former registered agent. Preliminarily, the court rejected plaintiffs' suggestion that the ruling on the first motion to dismiss was premised on a finding that the attempted service on Epic on August 28, 2017, was valid. The court said that ruling "neither considered nor resolved any question regarding the validity of the 8/28/2017 service on [Epic]. In reality, such a determination was not necessary for disposition of the motion to dismiss."

The court then concluded that Corporations Code section 2011 authorizes service on a director or officer of a dissolved corporation but not on its former registered agent.

5

The court further found that service was defective because the former registered agent was not personally served and the attempted substitute service was incomplete in that the process server left the summons and complaint with the agent's receptionist but did not mail copies as required by Code of Civil Procedure section 415.20.

On February 20, 2018, plaintiffs personally served Epic via its former president, Scott Weber.

On March 8, 2018, Epic filed a motion to dismiss under the three-year mandatory statute (§ 583.210).

On March 26, 2018, plaintiffs filed their opposition to Epic's motion to dismiss. Plaintiffs contended that the three-year period should be extended 129 days for the time the first motion to dismiss was pending and for 30 days while the second motion to quash was pending. Plaintiffs argued the exclusion in section 583.240, subdivision (c), for time when the "*validity* of service 'was the subject of litigation between the parties,' " applied to these periods. Plaintiffs also asserted that the service period should be extended for 14 days when Epic's former president "was away from his office or his office was closed making service on him impossible, impracticable or futile [citation]."

Plaintiffs' counsel submitted a declaration describing the circumstances under which Epic was finally served. On February 1, 2018, when the court issued its tentative ruling granting Epic's second motion to quash, counsel proposed to Epic's counsel that plaintiffs would forego argument if counsel provided the name and address of the proper person to serve for Epic. Plaintiffs' counsel also stated his view that section 583.240, subdivision (c) applied, because the parties had been litigating service since August 2017. Epic's counsel responded that he disagreed with plaintiffs' position on the tolling statute. However, he provided the name and address of the proper person to serve for Epic, its former president, Scott Weber. Plaintiffs' process server attempted service on Weber on February 6 (Weber was out), February 15 (Weber was sick), February 16 (Weber was

6

out), and February 19 (the office was closed). On February 20, 2018, Weber was personally served.

In reply, Epic submitted the declaration of Weber that he was present in his office on February 2 and February 5. Epic also submitted the declaration of Dallas Barrett, Jr., whose office is at the same location as Weber's. Barrett stated that on February 6, he was present at the office when plaintiff's process server arrived to serve Weber. Barrett invited the process server to leave a copy of the documents but he declined to do so. Barrett repeated this invitation on February 15.

On April 10, 2018, the trial court granted Epic's motion to dismiss. The court rejected plaintiffs' claim that "a motion to dismiss is effectively the same as a motion to quash," and therefore the 129-day period while the first motion to dismiss and motion to quash were pending should be tolled as challenges to the validity of service. The court reasoned that the first motion to dismiss was not based on the validity service but failure to serve. The court, however, tolled the three-year period for 58 days, consisting of 28 days while the first motion to quash was pending and 30 days while the second motion was pending. The court calculated that 58 days extended the three-year deadline to February 8, 2018.

The trial court also rejected plaintiffs' contention that it was impossible, impracticable, or futile to serve Epic's former president, because from February 6 until February 20, 2018, he was out sick, the office was closed, or he was out of state. The court held that service was not impossible, impracticable, or futile, because: (1) after learning Weber's name and address on February 1, plaintiffs waited until February 6 to attempt service; (2) Weber was present in his office on February 2 and 5; (3) plaintiffs could have served Weber by substitute service; and (4) plaintiffs had not shown that it was impossible, impracticable, or futile to serve Weber at his residence.

Plaintiffs appealed from the judgment of dismissal.

## DISCUSSION

### *Mandatory Motion to Dismiss for Failure to Serve*

A plaintiff is required to serve "a defendant within three years after the action is commenced against the defendant." (§ 583.210, subd. (a).) "[A]n action is commenced at the time the complaint is filed." (*Ibid.*) Where a plaintiff fails to serve a defendant within the statutory time limits, dismissal is mandatory. (§ 583.250, subd. (b).) The mandatory dismissal rule applies to a defendant originally named as a Doe defendant in a complaint that was later amended to show defendant's true name. (See *Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 982; *Lesko v. Superior Court* (1982) 127 Cal.App.3d 476, 481-482.) Thus, a plaintiff has three years from the date the complaint was filed to identify and serve a Doe defendant. (*Higgins v. Superior Court, supra*, at p. 982.)

These requirements "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.250, subd. (b).) Section 583.240 sets forth four conditions under which time is tolled and excluded from the three-year period, two of which plaintiffs contend applied here: (1) "[t]he validity of service was the subject of litigation by the parties" (§ 583.240, subd. (c)); and (2) "[s]ervice . . . was impossible, impracticable, or futile due to causes beyond the plaintiff's control" (§ 583.240, subd. (d)).[4] These conditions "must be construed strictly against the plaintiff." (*Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 326.)

"[T]he trial court has broad discretion in determining whether one of the statutory excuses has been proved by plaintiff. [Citation.] Discretion ' "is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered.

---

[4] Section 583.240, subdivision (d), further provides that "[f]ailure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

[Citations.]" ' [Citations.] The burden is on the plaintiff to establish an abuse of discretion. [Citations.]" (*A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 224-225.)

*Litigation of Validity of Service*

Plaintiffs contend that trial court erred in determining that section 583.240, subdivision (c), did not apply to Epic's first motion to dismiss, arguing that this tolling provision "broadly applies to motions where the validity of service is being challenged."[5]

We have no quarrel with the basic premise. Section 583.240, subdivision (c), tolls the three-year dismissal statute for any period during which the parties are engaged in active litigation regarding the validity of service of process, whether by motion to quash, motion to set aside a default judgment for invalid service, motion to dismiss, or other procedure where the validity of service of process is an issue.

In particular, courts have expressly held that a motion to dismiss is a proper mechanism to challenge the validity of service. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1433 (*Dill*) ["[W]hile a motion to quash is the procedure usually employed to challenge the validity of service, the same issue is raised by a motion to dismiss under section 583.210. [Citation]"]; *Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal.App.3d 1118, 1124-1125 (*Mannesmann*) ["Ordinarily a motion to quash (§ 418.10), not a motion to dismiss pursuant to the three-year statute, is the procedural device used to test the validity of improper service. However, we have found no authority stating that a motion to quash is the only or the exclusive method of raising the issue of the validity of the service of summons under the narrow circumstances of this

_____

[5] Plaintiffs contend that this issue is one of statutory interpretation which we review de novo. (See *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724 [de novo review of application of statutory provision tolling five-year mandatory time to bring case to trial].)

case"]; see also Cal. Judges Benchbook: Civil Proceedings Before Trial (CJER 2021 update) Dismissals, § 15.22 ["A judge properly dismisses an action for failure to comply with the time requirements of [section 583.210] when an invalid method of service was used," citing *Dill, supra*, at pp. 1433, 1440]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 4.424 ["Where the alleged service occurs just before expiration of the 3-year period, a motion to dismiss lies to challenge defective service, because the requirement that the summons be 'served' within 3 years 'necessarily raises the issue of the *validity* of the service,' " citing *Mannesmann, supra*, at pp. 1124-1125 & *Dill, supra*, at p. 1433].)

However, plaintiffs assert that "because *valid* service is required, litigation involving the timeliness statutes necessarily involves litigation over the validity of service." We disagree. Here, section 583.240, subdivision (c), was not applicable to Epic's initial discretionary motion to dismiss since it was based on plaintiffs' failure to even attempt service until after the two-year period had expired. (*Graf v. Gaslight* (1990) 225 Cal.App.3d 291, 296 [subdivision (c) is "facially inapplicable" to service that occurred after the service period expired], disapproved on other grounds in *Watts v. Crawford* (1995) 10 Cal.4th 743, 758, fn. 13.) Where there has been no attempt at service within the two-year period, a discretionary motion to dismiss does not involve a dispute about the validity of service.

Section 582.240, subdivision (c), "is apparently designed to cover the situation *where service of summons is attempted* near the end of the 3-year period. If defendant files a motion to quash before expiration of the statutory period and the court holds the service was defective, plaintiff is given additional time within which to serve defendant again. (Otherwise, the 3-year statute would bar renewed service.)" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶ 11:103, italics added.) This provision addresses a problem identified in *Mannesmann*: "When, as here, the attempted service is made very close to the running of the three-year period, a granted motion to

quash would have afforded no opportunity to the plaintiff to have attempted to correct the defective service." (*Mannesmann, supra*, 172 Cal.App.3d at p. 1125.)

Neither *Dill* nor *Mannesmann*, the cases on which plaintiffs rely, involved a motion to dismiss where there had been no attempt at service with the statutory period, as here.

In *Mannesmann*, "six days before the expiration of the three-year statute," the plaintiff "attempted service" by "delivering a copy of the summons, complaint and amendment to the complaint" to an officer of the defendant corporation. (*Mannesmann, supra*, 172 Cal.App.3d at p. 1121.) The corporation, "alleging fatally defective service of process, filed its motion to dismiss under the three-year statute." (*Id.* at p. 1122.)

In *Dill*, the plaintiff mailed a copy of the summons, complaint, and statement of damages to the defendant corporations on June 7, 1988, after filing a complaint in March of 1987. (*Dill, supra*, 24 Cal.App.4th at p. 1432.) The defendants did not respond, the plaintiff took their defaults, and default judgments were entered. (*Ibid.*) In 1991 the corporations moved to dismiss under the three-year statute. (*Id.* at p. 1433.) The trial court granted the motions. (*Ibid.*)

Plaintiffs have not cited any case law supporting the proposition that section 583.240, subdivision (c), applies when there has been no attempt at service within the applicable two-year or three-year period.

Moreover, the record does not support any contention that the first motion to dismiss was directed at the validity of service. In ruling on the second motion to quash, the trial court noted that "it is evident from the ruling [on the first motion to dismiss] that the Court neither considered nor resolved any question regarding the validity of the 8/28/2107 service on [Epic]. In reality, such a determination was not necessary for disposition of the motion to dismiss."

Accordingly, we conclude that the trial court did not err in its determination that section 583.240, subdivision (c), did not apply to toll the period when Epic's first motion

11

to dismiss was pending.

<em>Impossible, Impracticable, or Futile</em>

Plaintiffs also contend "[t]he trial court erred in failing to toll the limitations period 14 days from February 8, 2018 to February 22, 2018, because service on Epic's stated agent Scott Weber between February 6 and 20, 2018 was 'impossible, impracticable, or futile due to causes beyond the plaintiff's control.' " Plaintiffs argue that "impracticability means 'reasonable diligence' in attempting to serve the defendant."

However, Epic is correct that "reasonable diligence" is no longer the standard. In *Hocharian v. Superior Court* (1981) 28 Cal.3d 714, the California Supreme Court held that dismissal under former section 518a for failure to serve within three years is subject to implied exceptions (e.g., impossibility, impracticability, or futility of service) measured by the plaintiff's "reasonable diligence." (*Hocharian, supra*, at p. 722 ["In applying any of these exceptions to a given factual situation, the critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case"].) Proof of a plaintiff's "reasonable diligence" in attempting service would excuse failure to comply with the three-year rule. (*Ibid.*)

But, as subsequently observed, "*Hocharian* was not long for this world. In 1982 the Legislature amended section 518a to add subdivision (f) [now § 583.240, subd. (d)], codifying the statute's pre-*Hocharian* implied exceptions, and 'conspicuously' omitting the reasonable diligence criterion." (*Dale v. ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 501 (*Dale*); *Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 156 ["Subdivision (f) codified the implied exceptions to section 581a that we recognized before *Hocharian* but conspicuously omitted any reference to the 'reasonable diligence' standard of *Hocharian*"]; see also *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1321 (*Bishop*).) Moreover, the amendment "added the requirement that any claimed impossibility, impracticability, or futility of service must be 'due to causes beyond the plaintiff's control' " and " '[f]ailure to discover relevant facts or evidence is not a cause beyond the

12

plaintiff's control' . . . ." (*Bishop, supra*, 234 Cal.App.3d at pp. 1321-1322; *Dale, supra*, 207 Cal.App.3d at pp. 501-502.)

Plaintiffs cite *Adelson v. Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221 in proposing that "reasonable diligence" is the measure of a plaintiff's efforts to serve the defendant within the statutory time period. However, as Epic correctly points out, *Adelson* relied entirely on *Hocharian* to support the "reasonable diligence" standard. (*Id.* at p. 227.) We further note that *Adelson* precedes the effective date—January 1, 1983— of the statutory amendment that repudiated *Hocharian*.

In sum, plaintiffs must show that the failure to serve Epic within the three-year period was, in the words of the statute, "impossible, impracticable, or futile due to causes beyond the plaintiff's control." (§ 583.240, subd. (d).) When a plaintiff's problems are within its control, no relief is available. (*Bishop, supra*, 234 Cal.App.3d at p. 1322.) And " 'service . . . is ordinarily within the control of the plaintiff. [17 Cal.L.Rev.Comm. Reports 905 (1984)].' " (*Ibid.*, quoting Cal. Law Revision Com. com., 15C West's Ann. Code Civ. Proc. (2011 ed.) foll. § 583.230, p. 353.)

Plaintiffs' failure to serve Epic was due to circumstances within their control. On February 1, 2018, plaintiffs' counsel wrote to Epic's counsel that "[r]ather than waste your time and the Court's time arguing the tentative ruling [on the second motion to quash], I was hoping you would simply tell us who is the proper person or entity to serve now that Epic has dissolved." He also stated his view that, under section 583.240, subdivision (c), "Plaintiffs have an additional (30) thirty months in which to complete service. (Epic's original motion to quash and dismiss were filed on August 15, 2017, and the issue is still being litigated as of February 2, 2018, a period of 26 weeks.)" Notwithstanding this assertion, plaintiffs' counsel offered to "see that service is accomplished promptly" if "you would simply tell us who to serve . . . ."

That day, as requested, counsel for Epic provided Weber's name and office address. However, Epic's counsel rejected the notion that, due to tolling under section

583.240, subdivision (c), plaintiffs had a significant period of time to complete service. "[L]et me be clear that this response to your letter of today's date should not be construed as my agreement with your analysis of the tolling issue as stated in your letter; I don't."

Thus, plaintiffs were informed of Epic's position that tolling under section 583.240, subdivision (c), did not push the three-year deadline significantly into the future. But rather than promptly serving Weber, as plaintiffs' counsel indicated he would do if his offer was accepted, plaintiffs waited five days before sending a process server to Weber's office on February 6. At that point, Weber had been present in the office and available to be served on February 2 and February 5. Plaintiffs' process server returned on February 15, February 16, and February 19, before completing service on February 20. However, the three-year period, including the tolling extension while the two motions to quash were pending, had expired on February 8.

To be sure, the window of opportunity for plaintiffs to serve Epic was short. But it is not an uncommon circumstance for parties and their counsel to find it necessary to act quickly in view of the fast-approaching expiration of the statute of limitations. Here, plaintiffs did not and their ability to do so was within their control.

Moreover, on February 6, when the process server learned the Weber was out of the office, he declined to leave the summons and complaint with Barrett, who was in the office and invited him to do so. Plaintiffs thereby gave up an opportunity to serve Epic by substitute service, which could have been completed that day by mailing copies to Weber. (§ 415.20, subd. (a); *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 248-249 [for purposes of the three-year period, substitute service is effected on the day of mailing; the 10-day period following mailing until service "is deemed complete" under § 415.20, subd. (a) is a " 'matter of grace' " to allow actual notice to the defendant before beginning the period to respond to the complaint prior to default], quoting *Ginns v. Shumate* (1977) 65 Cal.App.3d 802, 805.) To the extent that the process server declined to serve Epic in manner that would have been effective and timely, this was a

14

circumstance within plaintiffs' control.  Plaintiffs " 'selected and employed [their] own agent to effect service of process upon [Epic].  [They are] necessarily charged with notice of the acts and declarations of [their] agent.' " (*Bishop, supra*, 234 Cal.App.3d at p. 1322, citing *Ippolito v. Municipal Court* (1977) 67 Cal.App.3d 682, 687.)

Therefore, we conclude that the trial court did not abuse its discretion in determining that the three-year time period to serve Epic should not be extended from February 8 to February 22, 2018, because service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control."  (§ 583.240, subd. (d).)[6]

---

[6] In a paragraph, Plaintiffs suggest that Epic is estopped from seeking dismissal because it did not contest the August 28, 2017 service on Epic's former agent for service of process until January 3, 2018, when Epic filed the second motion to quash.  However, plaintiffs did not contend Epic was estopped in opposition to the motion to dismiss, thereby forfeiting this claim on appeal.  "It is well settled that ' " issues not raised in the trial court cannot be raised for the first time on appeal." ' [Citations.]  This rule is especially applicable to the doctrine of estoppel, which includes factual elements that must be established in the trial court.  [Citation.]" (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 530.)  Moreover, a defendant is under no duty to inform a plaintiff that service is defective.  (*Bolkiah v. Superior Court* (1999) 74 Cal.App.4th 984, 991-992; *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103, 111.)  As Epic points out, the defendant in *Dill* allowed a default judgment to be taken and successfully moved for dismissal after the three-year service period expired.  (*Dill, supra*, 24 Cal.App.4th at pp. 1443-1444.)

## DISPOSITION

The judgment is affirmed.  Epic shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                            /s/
                                    RAYE, P. J.


We concur:


     /s/
HULL, J.


     /s/
DUARTE, J.